**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

December 29, 2025

David H. Holloway, Esq.
Shlansky Law Group, LLP
1504 N. Broom Street, Suite 1
Wilmington, DE 19806

Jody C. Barillare, Esq.
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801

RE:  *The Gregory M. Raiff 2000 Trust v. Jenzabar, Inc., et al.*,
C.A. No. 2024-0368-LWW

Dear Counsel,

This letter resolves the motion to intervene ("Motion") filed by Christopher Barry, Jared Snell, and Laurel Santmire (the "Intervenors"), who seek to intervene as derivative plaintiffs.[1]  The Intervenors wish to cure a potential standing defect in the claims brought by The Gregory M. Raiff 2000 Trust (the "Trust").  Defendant Robert A. Maginn, Jr., joined by the other defendants, opposes the motion as untimely and prejudicial.[2]  Although the Motion comes at an inopportune time, greater prejudice would occur if intervention were denied.  The Motion is granted.

I.    BACKGROUND

---

[1] Mot. to Intervene (Dkt. 95) ("Mot.").

[2] Def.'s Robert A. Maginn, Jr.'s Opp'n to Mot. to Intervene (Dkt. 101) ("Opp'n").  The remaining defendants joined in Maginn's opposition.  Dkts. 102-08.

The Trust filed this action on April 5, 2024.[3]  On June 6, 2025, the defendants moved to dismiss the First Amended Complaint.[4]  In addition to arguments on the merits, the defendants challenged the Trust's standing to sue on behalf of nominal defendant Jenzabar, Inc.[5]  The defendants maintained that the Trust lacked the continuous capacity to sue derivatively, noting that the Trust had been denied intervention in a 2014 lawsuit.[6]  The Trust opposed those motions in July,[7] and I held oral argument in early September.[8]

On September 30, the Intervenors filed their Motion, seeking to cure any potential standing defect.  They argue that the Motion is timely because they had no actual notice of this action until recently, and had no duty to monitor the Trust's standing.[9]  They further assert that intervention is not prejudicial to the defendants

---

[3] Verified Compl. (Dkt. 1).  The plaintiff filed the operative First Amended Complaint on April 1, 2025.  First Am. Compl. (Dkt. 31) ("Am. Compl.").

[4] Dkts. 55-63.

[5] *See, e.g.*, Def. Robert A. Maginn, Jr.'s Opening Br. in Supp. of Mot. to Dismiss (Dkt. 63) ("Maginn Mot. to Dismiss") 16-23; Def. Jenzabar, Inc's Opening Br. in Supp. of Mot. to Dismiss (Dkt. 55) ("Jenzabar Mot. to Dismiss") 18-25.

[6] Jenzabar Mot. to Dismiss 23-24; *see also* Maginn Mot. to Dismiss 17-18.

[7] Dkts. 67-72 (Pl.'s Answering Brs. in Opp'n to Mots. to Dismiss).

[8] Tr. of Oral Arg. on Defs.' Mot. to Dismiss (Dkt. 97).

[9] Mot. 1-2, 8.

since the existing merits-based dismissal arguments apply equally to the Intervenors' claims.[10]

## II.    ANALYSIS

"Rule 24 governs intervention by nonparties."[11]   The Intervenors seek to intervene as of right under Rule 24(a) or permissively under Rule 24(b).

In either case, "[i]ntervention requires a timely application."[12]  "There is no 'bright-line rule' for timeliness under Rule 24."[13]  "Timeliness is a fact specific analysis that rests in the sound discretion of the trial court."[14]  The court looks at four factors when assessing timeliness: (1) "the length of time the movant knew or reasonably should have known of her interest before she petitioned to intervene[,]" (2) "prejudice to the existing parties due to failure to petition for intervention earlier[,]" (3) "the prejudice the movant would suffer if not allowed to intervene[,]"

---

[10] *Id.* at 3, 12.

[11] *See In re AMC Ent. Hldgs., Inc. S'holder Litig.*, 2023 WL 2518479, at *2 (Del. Ch. Mar. 15, 2023); Ct. Ch. R. 24.

[12] *AMC*, 2023 WL 2518479, at *2.

[13] *In re Reinz Wis. Gasket, LLC*, 2023 WL 4986411, at *2 (Del. Ch. Aug. 3, 2023) (citation omitted).

[14] *Great Am. Leasing Corp. v. Republic Bank*, 2003 WL 22389464, at *1 (Del. Ch. Oct. 3, 2003); *Dugan v. Dineen*, 1990 WL 82719, at *5 (Del. Ch. June 12, 1990) (describing the inquiry as a "flexible" one).

and (4) "the existence of unusual circumstances weighing either for or against intervention."[15]

Apart from timeliness, the requirements for intervention are not meaningfully in dispute. The Intervenors are stockholders who share a common question of law and fact with this action, satisfying the test for permissive intervention under Rule 24(b).[16] They likewise assert an interest in the challenged matters and believe that the Trust's potential lack of standing renders existing representation inadequate, supporting intervention under Rule 24(a).[17] As such, my analysis focuses on the timeliness of the Motion.

### A. Inexcusableness of Delay

Maginn asserts that the Motion is untimely because the problems with the Trust's standing were raised in the defendants' June 6 motions to dismiss.[18] The Intervenors, however, insist that their Motion was prompted by the September hearing where I questioned whether the Trust could retroactively cure a lack of

---

[15] *Shawe v. Elting*, 2015 WL 5167835, at *2 (Del. Ch. Sept. 2, 2015).

[16] *See* Ct. Ch. R. 24(b)(2).

[17] *See Smollar v. Potarazu*, 2016 WL 3910863, at *1 (Del. Ch. June 29, 2016) (finding stockholder interest sufficient for intervention where existing representation was inadequate); *In re MAXXAM, Inc./Federated Dev. S'holders Litig.*, 698 A.2d 949, 956 (Del. Ch. 1996) (permitting intervention to cure a standing defect). For purposes of this analysis, I assume—without deciding—that the Trust's standing is in serious doubt.

[18] Opp'n ¶ 19.

continuous ownership.[19]  Maginn counters that my comments did not alter the legal landscape, as the standing arguments were fully briefed months prior.

Diligent stockholders might have acted sooner.  But I need not decide whether the delay from June to September was inexcusable.  Even if the Intervenors should have moved in June, the second prong of the timeliness analysis—prejudice—decisively favors intervention.

## B.    Lack of Prejudice

The "most important consideration" in a timeliness analysis is whether the delay has prejudiced the existing parties.[20]  Maginn declares prejudice on the grounds that intervention would cause a "do-over" of the dismissal briefing, wasting the "significant resources" already expended.[21]  This argument fails for two reasons.

First, the defendants face no prejudice from intervention because, as Maginn concedes, the existing dismissal arguments apply "just as readily" to the Intervenors as they do to the Trust.[22]  If the defenses—such as the statute of limitations or a failure to state a claim—are identical, then no duplicative briefing is required.  I can

---

[19] Mot. 5-6.

[20] *Reinz Wis. Gasket*, 2023 WL 4986411, at *2.

[21] Opp'n ¶ 3.

[22] *Id.* ¶ 14.

apply the existing, fully briefed arguments to the Intervenors' complaint, meaning the defendants' invested resources are preserved, not wasted.[23]

Second, meaningful prejudice to the system and the parties would arise if intervention were denied. Because a dismissal for lack of standing deprives the court of subject matter jurisdiction, the dismissal would generally be without prejudice.[24] And if I were to deny the Motion and subsequently dismiss the Trust's claims without prejudice, the Intervenors (or other stockholders) would likely file a new, identical lawsuit to pursue the underlying claims. This sequence of events would force the parties to re-brief and re-argue the same motions to dismiss that are currently pending before me.

Granting intervention now serves judicial economy by "curing" any standing defect so that the merits-based dismissal briefing already submitted can be used.[25] This aligns with Delaware public policy, which favors deciding cases on their merits

---

[23] *See In re Crimson Expl. Inc. S'holder Litig.*, 2014 WL 5449419, at *28 (Del. Ch. Oct. 24, 2014) (distinguishing scenarios where intervention requires "another round of briefing and argument").

[24] *See RBC Cap. Mkts., LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 644 (Del. 2014) ("[A] dismissal for lack of subject matter jurisdiction or for lack of standing will not operate as a final decree that bars later claims."); Ct. Ch. R. 41(b) (providing that "a dismissal for lack of jurisdiction . . . [does not] operate[] as an adjudication upon the merits").

[25] *See MAXXAM*, 698 A.2d at 956 (permitting intervention "as a means to cure the standing defect" even after the original plaintiff lost standing); *Steiner v. Meyerson*, 1997 WL 349169, at *4 (Del. Ch. June 13, 1997) (noting that the court will factor in "judicial economy" when weighing intervention) (citation omitted).

rather than technicalities.[26]  As Rule 23.1(c)(1)(B) illustrates, a proper plaintiff can be substituted even after a dismissal for inadequacy.[27]  It would be inefficient to force a dismissal solely to trigger that process.

### III.  CONCLUSION

To ensure that the resources already expended are preserved while addressing the defendants' procedural rights, the Motion is granted, subject to the following pragmatic conditions.

The Intervenors will be added as plaintiffs and are directed to file a verification adopting the First Amended Complaint as their own operative pleading within five days, other than as noted below.[28]  The defendants' pending motions to dismiss will then be deemed directed at the claims as now pursued by the Intervenors, and the existing dismissal briefing will apply.  Recognizing that unique defenses may exist, the defendants are invited to file short supplemental submissions—not to exceed 3,000 words—within ten days of the Intervenors' complaint being filed, limited to any legal defenses unique to the Intervenors that

---

[26] *See Word v. Balakrishnan*, 2004 WL 780134, at *3 (Del. Super. Apr. 13, 2004) (discussing Delaware's "public policy favor[ing] deciding cases on the merits"), *aff'd*, 860 A.2d 809 (Del. 2004).

[27] Ct. Ch. R. 23.1(c)(1)(B).

[28] Mot. 3 n.1 ("Should it be the Court's preference, Movants respectfully note that they will adopt the First Amended Complaint, which is the current, operative pleading.").

were not addressed in the prior briefing. Additionally, because the Intervenors intend to remove the sole cause of action against Jamison Barr, the pending motion to dismiss as to Barr will become moot.

After the expiration of the supplemental briefing period, I will take the motions to dismiss under advisement.

IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor